U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 2 8 2022

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DIMITAR PETLECHKOV,                )
*Plaintiff*                        )
                                   )
v.                                 )          Case No.: _____
                                   )
UNITED STATES OF AMERICA           )       **3-22CV2908-K**
*Defendant*                        )

---

## VERIFIED COMPLAINT FOR DAMAGES

---

### Introduction

1. This is an action against the United States under the Federal Tort Claims Act arising from negligence of employees of the Federal Bureau of Prisons in Grand Prairie, Texas.

### Jurisdiction and Venue

2. Jurisdiction is proper under 28 U.S.C. §1346(b)(1) and 28 U.S.C. §§ 2671-2680.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(B) because a substantial part of the events or omissions giving rise to the claim occurred in Grand Prairie, Dallas County, TX.

### Factual Allegations

4. Plaintiff was found guilty of mail fraud and taken into custody on April 4, 2018. He was originally sentenced on August 31, 2018 in the Western District of Tennessee.

5. The Designation & Sentence Computation Center (DSCC) of the Federal Bureau of Prisons (BOP) designated plaintiff to serve his sentence at McRae Correctional Facility in McRae, Georgia. Plaintiff arrived at McRae on or about December 6, 2018.

6. A few months after arriving at McRae, plaintiff informed their Education Department that he held a post-graduate university diploma and was not required to participate in GED classes.

1

7. Despite having a diploma, McRae submitted information to DSCC on or about April 23, 2019 to remove 12 days of Good Conduct Time (GCT) from plaintiff's second year of the sentence, the first year credits having already vested in full.

8. Just days later, on May 1, 2019, and less than one month into the second year of the sentence, the Sixth Circuit Court of Appeals vacated 17 of 20 counts of plaintiff's conviction and the entire sentence, and remanded for full re-sentencing.

9. From on or about June 13, 2019 to on or about November 17, 2020, plaintiff was returned to pre-trial custody at the West Tennessee Detention Facility (WTDF) as an unsentenced detainee.

10. During his second year of custody, from April 4, 2019 to April 4, 2020, plaintiff was wrongfully deprived of 12 days of GCT, even though plaintiff had a diploma and even though plaintiff only refused to participate in GED classes for 8 days – from April 23, 2019 to May 1, 2019.

11. Once plaintiff's sentence was vacated on May 1, 2019, plaintiff was no longer required to participate in GED regardless of diploma status, until such time as plaintiff was resentenced. Pre-trial detainees are exempt from GED participation and cannot have GCT taken away during such period of pre-trial detention. GED classes are not available at the WTDF.

12. Plaintiff wrote to McRae and DSCC between September 2019 and 2020 to apprise them of his pre-trial detainee status and exemption from GED, and asked that his GCT be recalculated after resentencing. Plaintiff also referred both institutions to ¶ 50 of his PSR which showed that Federal Pretrial Services had obtained a copy of the diploma and transcript directly from the school and that it was noted as "verified."

13. On July 7, 2020, plaintiff was resentenced and his Second Amended Judgment of conviction and sentence was transmitted to DSCC. On November 17, 2020, plaintiff was returned to McRae to finish the remainder of his sentence. At intake, plaintiff was informed that his projected release date is 12 days later than it should have been if the GCT had been properly accounted for.

2

14. Plaintiff's projected and actual release date was November 30, 2020. However, if plaintiff had been given full GCT credit for his second year in custody – when he was in pretrial detention and exempt from GED and during which time he held a valid and verified diploma as stated in the PSR – plaintiff should have been released on November 18, 2020.

15. On November 18, 2020, plaintiff immediately filed an emergency grievance with the Warden of McRae but plaintiff received no response. Plaintiff did not have sufficient time to pursue further administrative remedies or to file a habeas corpus petition as he was released just 12 days later.

16. The entire 12 days of wrongful detention was spent in the most cruel and harsh conditions imaginable in the SHU unit at McRae – solitary confinement with zero access to television, radio, library or recreation, essentially a 24-hour per day lockdown.

<u>Negligence under Texas Law</u>

17. Employees at DSCC had a statutory and legal duty and obligation to follow well established regulations promulgated by the BOP. Specifically, they were required to accurately calculate GCT and projected release dates based on certain criteria.

18. One criterion was that if an individual had a "verified" diploma in the PSR, DSCC was required to award 54 days of GCT per year instead of 42 days for individuals without a diploma.

19. Another regulation stated that having a university diploma satisfies the high school or GED requirement. Yet another regulation exempted from GED participation any unsentenced individual held in pretrial detention.

20. Employees at DSCC breached their duties by failing to account for and properly calculate plaintiff's GCT for his second year of custody when they wrongfully and negligently removed 12 days of GCT for not having a GED or high school diploma, when the PSR clearly showed that plaintiff had an equivalent or higher "verified" degree. These employees further ignored the fact that plaintiff was in pretrial detention during that time and was thus exempt from GED.

21. As a direct and proximate result of the DSCC employees' negligent actions and breach of duties, plaintiff was injured and suffered damages because he was wrongfully and unjustly detained for an additional 12 days under the most inhumane, draconian and barbaric conditions imaginable. Plaintiff incurred economic losses as well as non-economic damages.

## Relief

22. WHEREFORE, plaintiff prays that the Court enter judgment for plaintiff and award total damages of $30,000.

## Verification

23. Plaintiff declares under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of his knowledge. Executed on this 21st day of December, 2022.

Respectfully submitted,

*/s/ Dimitar Petlechkov*

Plaintiff, *Pro Se*

Dimitar Petlechkov
780 Morosgo Dr NE
Unit 13272
Atlanta, GA 30324
Tel. 404-954-0890
Email: 9249617@gmail.com

JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DIMITAR PETLECHKOV | UNITED STATES OF AMERICA |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **DALLAS COUNTY**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SE

Attorneys *(If Known)*

RECEIVED
DEC 28 2022
mb
CLERK U.S. DISTRICT COURT

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 367 Health Care/ | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' / Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 340 Marine | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [x] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) / [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FTCA 28 U.S.C. 2671 et al.
Brief description of cause:
Negligence - tort

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 30,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:

JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| December 21, 2022 | /s/ Dimitar Petlechkov |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Dimitar Petlechkov
780 Morosgo Dr #13272
Atlanta GA 30324-9010


RECEIVED

DEC 28 2022

CLERK U S DISTRICT COURT
NORTHERN DISTRICT OF TEXAS



0007248882000011
Clerk of Court
United States District Court
1100 Commerce Street
Room 1452
Dallas TX 75242-1310
USA

PRESORTED
**FIRST-CLASS MAIL**
U.S. POSTAGE
**PAID**
LETTERSTREAM

Dimitar Petlechkov
780 Morosgo Dr #13272
Atlanta GA 30324-9010

DEC 28

000724888200011
Clerk of Court
United States District Court
1100 Commerce Street
Room 1452
Dallas TX 75242-1310
USA

JJABIP1    75242