**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DIMITAR PETLECHKOV**, | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | **Case No.: 3:22-cv-02908-K-BH** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| *Defendant* | ) | |

---

### VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES

---

#### Introduction

1. This is an action against the United States under the Federal Tort Claims Act arising from negligence of employees of the Federal Bureau of Prisons in Grand Prairie, Texas.

#### Jurisdiction and Venue

2. Jurisdiction is proper under 28 U.S.C. §1346(b)(1) and 28 U.S.C. §§ 2671-2680.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(B) because a substantial part of the events or omissions giving rise to the claim occurred in Grand Prairie, Dallas County, TX.

#### Factual Allegations

4. Plaintiff was found guilty of mail fraud and taken into custody on April 4, 2018. He was originally sentenced on August 31, 2018 in the Western District of Tennessee.

5. The Designation & Sentence Computation Center (DSCC) of the Federal Bureau of Prisons (BOP) designated plaintiff to serve his sentence at McRae Correctional Facility in McRae, Georgia. Plaintiff arrived at McRae on or about December 6, 2018.

6. A few months after arriving at McRae, plaintiff informed their Education Department that he held a post-graduate university diploma and was not required to participate in GED classes.

1

7. Despite having a diploma, McRae submitted information to DSCC on or about April 23, 2019 to remove 12 days of Good Conduct Time (GCT) from plaintiff's second year of the sentence, the first year credits having already vested in full.

8. Just days later, on May 1, 2019, and less than one month into the second year of the sentence, the Sixth Circuit Court of Appeals vacated 17 of 20 counts of plaintiff's conviction and the entire sentence, and remanded for full re-sentencing.

9. From on or about June 13, 2019 to on or about November 17, 2020, plaintiff was returned to pre-trial custody at the West Tennessee Detention Facility (WTDF) as an unsentenced detainee.

10. During his second year of custody, from April 4, 2019 to April 4, 2020, plaintiff was wrongfully deprived of 12 days of GCT, even though plaintiff had a diploma and even though plaintiff only refused to participate in GED classes for 8 days – from April 23, 2019 to May 1, 2019.

11. Once plaintiff's sentence was vacated on May 1, 2019, plaintiff was no longer required to participate in GED regardless of diploma status, until such time as plaintiff was resentenced. Pre-trial detainees are exempt from GED participation and cannot have GCT taken away during such period of pre-trial detention. GED classes are not available at the WTDF.

12. Plaintiff wrote to McRae and DSCC between September 2019 and 2020 to apprise them of his pre-trial detainee status and exemption from GED, and asked that his GCT be recalculated after resentencing. Plaintiff also referred both institutions to ¶ 50 of his PSR which showed that Federal Pretrial Services had obtained a copy of the diploma and transcript directly from the school and that it was noted as "verified."

13. On July 7, 2020, plaintiff was resentenced and his Second Amended Judgment of conviction and sentence was transmitted to DSCC. On November 17, 2020, plaintiff was returned to McRae to finish the remainder of his sentence. At intake, plaintiff was informed that his projected release date is 12 days later than it should have been if the GCT had been properly accounted for.

14. Plaintiff's projected and actual release date was November 30, 2020. However, if plaintiff had been given full GCT credit for his second year in custody – when he was in pretrial detention and exempt from GED and during which time he held a valid and verified diploma as stated in the PSR – plaintiff should have been released on November 18, 2020.

15. On November 18, 2020, plaintiff immediately filed an emergency grievance with the Warden of McRae but plaintiff received no response. Plaintiff did not have sufficient time to pursue further administrative remedies or to file a habeas corpus petition as he was released just 12 days later.

16. The entire 12 days of wrongful detention was spent in the most cruel and harsh conditions imaginable in the SHU unit at McRae – solitary confinement with zero access to television, radio, library or recreation, essentially a 24-hour per day lockdown.

Count I - Negligence (under Georgia law)

17. Employees at DSCC had a statutory and legal duty and obligation to follow well established regulations promulgated by the BOP. Specifically, they were required to accurately calculate GCT and projected release dates based on certain criteria.

18. One criterion was that if an individual had a "verified" diploma in the PSR, DSCC was required to award 54 days of GCT per year instead of 42 days for individuals without a diploma.

19. Another regulation stated that having a university diploma satisfies the high school or GED requirement. Yet another regulation exempted from GED participation any unsentenced individual held in pretrial detention.

20. Employees at DSCC breached their duties by failing to account for and properly calculate plaintiff's GCT for his second year of custody when they wrongfully and negligently removed 12 days of GCT for not having a GED or high school diploma, when the PSR clearly showed that plaintiff had an equivalent or higher "verified" degree. These employees further ignored the fact that plaintiff was in pretrial detention during that time and was thus exempt from GED.

3

21. As a direct and proximate result of the DSCC employees' negligent actions and breach of duties, plaintiff was injured and suffered damages because he was wrongfully and unjustly detained for an additional 12 days under the most inhumane, draconian and barbaric conditions imaginable. Plaintiff incurred economic losses as well as non-economic damages.

## Relief

22. WHEREFORE, plaintiff prays that the Court enter judgment for plaintiff and award total damages of $30,000.

## Verification

23. Plaintiff declares under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of his knowledge. Executed on this 27th day of October, 2023.

Respectfully submitted,

*/s/ Dimitar Petlechkov*

Plaintiff, *Pro Se*

Dimitar Petlechkov
780 Morosgo Dr NE
Unit 13272
Atlanta, GA 30324
Tel. 404-954-0890
Email: 9249617@gmail.com

4