## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DIMITAR PETLECHKOV, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.  3:22-CV-2908-K-BH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are the plaintiff's *Objections to Findings, Conclusions, and Recommendation [R. 11]*, and his *Verified First Amended Complaint for Damages*, filed October 27, 2023 (docs. 11, 12), which are liberally construed as a motion for leave to amend the complaint; the motion is **GRANTED**.  The *Findings, Conclusions, and Recommendation*, filed October 18, 2023 (doc. 11), are hereby **VACATED**.  Based on the relevant filings and applicable law, this case should be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

### I.  BACKGROUND

Dimitar Petlechkov (Plaintiff), a former federal prisoner proceeding *pro se* and *in forma pauperis* in this civil action, sues the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.* (*See* docs. 3 at 1; 10 at 1-4; 12.)[2] On November 17, 2020, Plaintiff was informed that his projected release date was November 30, 2020. (doc. 12 at 2.) According to him, the Designation & Sentence Computation Center (DSCC) in Grand Prairie, Texas, incorrectly calculated his Good Conduct Time (GCT) for the second year of his sentence. (docs. 10 at 1; 12 at 3.) Because he should have received full GCT credit for his second year in custody, he claims, his

---

[1]  By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

release date should have been November 18, 2020. (*Id.*)

Plaintiff filed an emergency grievance with the warden on November 18, 2020, but he received no response. (doc. 12 at 3.) Because he was released 12 days later, he did not have enough time to pursue his administrative remedies further or to file a habeas petition. (*Id.*) On May 17, 2022, Plaintiff submitted an FTCA administrative claim to the Federal Bureau of Prisons (BOP). (doc. 10 at 6-8.) He did not receive a written response from the BOP. (*Id.* at 2.)

On October 18, 2023, it was recommended that Plaintiff's claims be dismissed for lack of subject matter jurisdiction. (*See* doc. 11.) He filed his objections to the recommendation, and an amended complaint, on October 27, 2023. (*See* docs. 12, 13.) The amended complaint asserts a negligence claim under Georgia law, alleging he was "wrongfully and unjustly detained for an additional 12 days." (doc. 12 at 3-4.) It alleges that DSCC employees have "a statutory and legal duty and obligation to follow well established regulations promulgated by the BOP," and are specifically "required to accurately calculate GCT and projected release dates based on certain criteria." (*Id.* at 3.) These unidentified but "well established" BOP regulations allegedly state that prisoners are to be awarded "54 days of GCT per year instead of 42 days for individuals without a diploma," that "having a university diploma satisfies the high school or GED requirement," and that individuals held in pretrial detention are "exempted from GED participation." (*Id.*) DSCC employees "breached their duties by failing to account for and properly calculate [P]laintiff's GCT for his second year of custody when they wrongfully and negligently removed 12 days of GCT for not having a GED or high school diploma, when the PSR clearly showed that [he] had an equivalent or higher 'verified' degree," and "ignored the fact that [he] was in pretrial detention during that time and was thus exempt from GED [participation]." (*Id.*) He seeks $30,000 in actual and emotional

damages for the 12 days of wrongful confinement. (*Id.* at 4.) No process has been issued.

## II.  PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts follow the same analysis in determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) as when ruling on a motion to dismiss under Rule 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Neither mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III.  FEDERAL TORT CLAIMS ACT

Plaintiff sues under the FTCA and seeks monetary damages from the United States. (*See* doc. 12.) "In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671-2680. To successfully sue under the FTCA, a claim must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or

personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the federal government; (5) while acting within the scope of his office or employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994).

The discretionary function exception is one of several exceptions that limit the waiver of sovereign immunity under the FTCA. *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (citing 28 U.S.C. § 2680). "The discretionary function exception withdraws the FTCA's waiver of sovereign immunity in situations in which, although a government employee's actions may have been actionable under state tort law, those actions were required by, or were within the discretion committed to, that employee under federal statute, regulation, or policy." *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010). "At the pleading stage, [the] plaintiff must invoke the court's jurisdiction by alleging a claim that is facially outside of the discretionary function exception." *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021) (quoting *St. Tammany Parish ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 & n.3 (5th Cir. 2009)). "Because the FTCA provides a waiver of immunity otherwise to be accorded the sovereign, the limitations and conditions upon which the government consents to be sued must be strictly construed in favor of the United States." *Atorie Air, Inc. v. F.A.A. of U.S. Dep't of Transp.*, 942 F.2d 954, 958 (5th Cir. 1991).

To determine whether the discretionary function exception applies, the court must undertake a two-step inquiry. *See Gaubert*, 499 U.S. 315 at 322-23. First, the court "must determine whether the challenged act involves an element of judgment or choice on the part of the employee." *Id.* at 322. "If a statute, regulation, or policy leaves it to a federal agency to determine when and how to

take action, the agency is not bound to act in a particular manner and the exercise of its authority is discretionary." *Spotts*, 613 F.3d at 567 (citing *Gaubert*, 499 U.S. at 329). Conversely, "[i]f a 'federal statute, regulation or policy' specifically prescribes a course of action for the federal employee to follow, the employee has no choice but to adhere to the directive." *Ashford v. United States*, 511 F.3d 501, 505 (5th Cir. 2007) (citing *Gaubert*, 499 U.S. at 322). Second, if the challenged conduct involved an element of judgment, the court must then determine whether the "judgment is of the kind that the discretionary function exception was designed to shield." *Gaubert*, 499 U.S. at 322-23. "The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." *Id.* at 325. "If a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations." *Id.* at 324. "In performing the two-prong test, the question of whether the government was negligent is irrelevant." *Gonzalez v. United States*, 851 F.3d 538, 544 (5th Cir. 2017) (citation and quotation omitted).

The Fifth Circuit and district courts in this circuit have recognized that decisions concerning the award and computation of time credits generally fall within the discretion of BOP. *Sample v. Morrison*, 406 F.3d 310, 313 (5th Cir. 2005) (citing 18 U.S.C. § 3624(b)); *Hassan v. Hijar*, No. EP-23-CV-41-KC, 2023 WL 1769207, at *3 (W.D. Tex. Feb. 3, 2023) (recognizing that BOP retains the discretion to determine whether a prisoner will receive time credits toward the completion of his sentence); *McQueen v. Haro*, No. 2:03-CV-0227, 2005 WL 1552853, at *2 (N.D. Tex. June 30, 2005) (noting that § 3624(b) "grants to the BOP the discretion to determine, during each year,

whether a prisoner has complied with the prison disciplinary rules thus warranting the award of good time credit or whether such should be denied").

Here, Plaintiff has failed to allege facts sufficient to support a finding that BOP's decision to not credit him 12 days of GCT for his diploma was nondiscretionary, or that it did not involve the kind of judgment that the discretionary function was designed to shield. As for the first prong, he does not identify any statute, regulation, or policy which mandate a specific nondiscretionary course of conduct for BOP to follow when calculating and awarding GCT to federal prisoners. *See Spotts*, 613 F.3d at 568. In the absence of such an allegation, the discretionary function exception bars this FTCA claim. *See Sargent v. United States*, 620 F. App'x 69, 72 (3d Cir. 2015) (concluding that district court correctly determined that FTCA claim was barred under the discretionary function exception where plaintiff failed to point to a specific statute, regulation, or policy that might bear upon his claim). While Plaintiff identifies some criteria that BOP employees allegedly were required, but failed, to follow when calculating his GCT, his conclusory allegations are not sufficient to establish that subject matter jurisdiction exists over his claim. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (finding plaintiff's conclusory assertions were insufficient to establish subject matter jurisdiction).

Regarding the second prong, Plaintiff has not alleged facts sufficient to show that BOP's decision to not award him 12 days of GCT was a discretionary decision not based on considerations of public policy. *See Gonzalez*, 851 F.3d at 538, 548 (5th Cir. 2017) (noting that a complaint "must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime") (quoting *Gaubert*, 499 U.S. at 324-25). Because Plaintiff has failed to meet his burden of showing that the discretionary function

exception does not apply and that his claim falls within the FTCA's waiver of sovereign immunity, his amended complaint should be dismissed for lack of subject matter jurisdiction. *See Gonzalez*, 851 F.3d at 544 (concluding that the FTCA's discretionary function exception barred plaintiff's claims); *see, e.g., Anderson v. United States*, No. 4:21-CV-01356-CLM, 2021 WL 5162581, at *1 (N.D. Ala. Nov. 5, 2021) (holding that dismissal was appropriate under § 1915(e) where complaint failed to (1) identify a specific and binding federal statute, regulation, or policy requiring the course of conduct not followed by the federal employee, and (2) show that the discretionary function exception did not apply to the challenged action).

## IV.  OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Leave to amend is not necessary, however, where the plaintiff has already pled his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). When a court "outline[s] in [its] opinion the deficiencies" of plaintiff's complaint and "plaintiff nevertheless cannot ... amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2-3 (N.D. Tex. Feb. 13, 2001) (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex.

Sept. 13, 1988)).

Plaintiff has responded to a detailed questionnaire and amended his complaint, but his claims are barred. Because he has been able to plead his best case, further leave to amend is not warranted.

## V.  RECOMMENDATION

Plaintiff's amended complaint should be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**SIGNED this 13th day of November, 2023.**

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE