IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMITAR PETLECHKOV, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-2908-K-BH |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the plaintiff's *Ex Parte Motion for Leave to File Second Amended Complaint with Memorandum of Law in Support*, filed November 16, 2023 (doc. 18), is **GRANTED**. Because he has been permitted to amend his complaint, the *Findings, Conclusions, and Recommendation*, filed November 13, 2023 (doc. 14), are hereby **VACATED**.

### I. BACKGROUND

On December 28, 2022, Dimitar Petlechkov (Plaintiff), a former federal prisoner proceeding *pro se* and *in forma pauperis* (IFP) in this civil action, sued the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.* (*See* doc. 3.)[2] By order dated December 30, 2022, his *Application to Proceed In District Court without Prepaying Fees or Costs (Long Form)*, filed on December 30, 2022 (doc. 6), was granted. (*See* doc. 7.) The IFP order expressly provided that no amendments to the complaint could be filed without prior court approval, and that a complete amended complaint must be attached to any motion to amend. (*See* doc. 7.)

A magistrate judge's questionnaire was subsequently sent to Plaintiff to obtain more information about his claims. (*See* doc. 9.) Based on his responses and his initial complaint, it was

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

recommended that his claims be dismissed for lack of subject matter jurisdiction. (*See* doc. 11.) In response, he filed an amended complaint without seeking leave, in violation of the IFP order. (*See* doc. 12.) Nevertheless, his amended complaint was accepted, and it was again recommended that his claims be dismissed for lack of subject matter jurisdiction on November 13, 2023. (*See* doc. 14.)

On November 15, 2023, Plaintiff filed his objections to the recommendation and a second amended complaint. (*See* docs. 15, 16.) On the same day, the amended complaint was ordered unfiled because it was filed without leave in violation of the IFP order. (*See* doc. 17.)

Plaintiff now moves for leave to file a second amended complaint to cure the deficiency identified in the November 13, 2023 findings, conclusions, and recommendation by pleading the "specific statutes involved." (doc. 18 at 2.)

## II.  MOTION FOR LEAVE TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading once as a matter of course within 21 days after serving it, or if a responsive pleading is required, within 21 days of receiving the responsive pleading or a motion under Rule 12(b), (e), or (f). The rule evinces a bias in favor of amendment and requires that leave to be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Here, the complaint has not yet been ordered served on the defendant because his prior pleadings did not survive judicial screening under 28 U.S.C. § 1915A. His current proposed amended complaint asserts the same claims as his prior complaint, and he specifically states that the amendment addresses the pleading deficiencies identified in the November 13, 2023 findings, conclusions, and recommendation. *See, e.g., Omega Hosp., LLC v. United Healthcare Servs., Inc.*, 389 F. Supp. 3d 412, 426-27 (M.D. La. 2019) (finding leave to amend warranted where the proposed amendment appeared to remedy the deficiencies from the previous pleading). Moreover, notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs *several* opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed by a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Allowing Plaintiff an opportunity to amend will allow him a further opportunity to plead his best case prior to the filing of any dispositive motions.

Having considered the relevant factors, there is no "substantial reason" to deny Plaintiff's motion for leave to amend his complaint. *See Jacobsen*, 133 F.3d at 318.

## III.  CONCLUSION

Plaintiff's motion for leave to amend is **GRANTED**. The Clerk's Office shall file the proposed second amended complaint filed with his motion.

**SO ORDERED** on this 16th day of November, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE